

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL -

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-6021

Re: May the City of Taylor be
authorized by a charter
amendment adopted by a
majority of the qualified
voters of said city to levy
taxes for municipal purposes
not exceeding $2.50 and for
school purposes not exceed-
ing $1.50?

We are in receipt of the following letter from Honorable L. A. Woods, State Superintendent, requesting an opinion on the questions stated therein:

"The management of the schools at Taylor desire an increase in taxes for school purposes and have requested me to secure your opinion with reference to the question propounded below. Since I am interested in seeing that teachers are adequately paid and there is a possibility of bonds being offered for sale the validity of which will be affected by the proposed action outlined below, I respectfully request you to answer the following question.

"May City of Taylor be authorized b a charter amendment adopted by a majority of the qualified voters of said city to levy taxes for municipal purposes not exceeding $2.50 and for school purposes not exceeding $1.50?

"The city attorney of Taylor has furnished me with the following information and I give same to you in order that you may be able to answer the foregoing question.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. M. Trimble, First Assistant - Page 2

"Being a city with more than five thousand
population, City of Taylor adopted a Home Rule charter
in the year 1914, as provided in Section 5, Article
11, Constitution of Texas. Prior to that time the
boundaries of Taylor Independent School District
were the same as the boundaries of City of Taylor
and the city attorney assumes the school district
was created by general or special law or the incorpo-
rated City of Taylor constituted such separate and
independent school district within the provisions
of Section 3, Article 7, Constitution of Texas. He
is unable to ascertain from the City's records just
how this independent district was created, but he
assumes such records are available to you at Austin.

"Taylor's original Home Rule charter contained
the following provision in Article XV:

"'All laws in force, pertaining to
the public free schools of the City of
Taylor are hereby retained in full force
and effect, and said schools shall be con-
tinued, managed and controlled as hereto-
fore, and the trustees of the said public
free schools shall be elected according
to the provision of the above mentioned
laws retained in full force and effect.
Means for the support and maintenance of
the public free schools and for the pur-
pose of procuring grounds and construct-
ing and improving buildings for such pub-
lic free schools shall be obtained accord-
ing to the laws now in effect relating to
such public free schools.'

"Article XV was changed by duly adopted charter
amendment and now reads as follows:

"'All laws now in force pertaining to
the public free schools of the City of Tay-
lor, Texas, except as otherwise in this
Charter provided, are hereby retained in
full force and effect, and said school shall
be continued, managed, and controlled as
heretofore, and the trustees of said public
free schools shall be elected according to

Honorable T. M. Trimble, First Assistant - Page 3

the provisions of the above mentioned laws
so retained in full force and effect. Means
for the support and maintenance of the pub-
lic free schools and for the purpose of pro-
curing grounds and erecting and equipping
buildings for such public free schools
shall be obtained as provided under Article
XII of this Charter.'

"Article XII of the Home Rule charter originally
provided for a tax of $2.00 on the $100.00 valuation,
$1.00 for all lawful purposes other than for school
purposes, and $1.00 for school purposes, but by char-
ter amendment duly adopted, Article XII now reads as
follows:

"'The Board of Commissioners of the
City of Taylor, Texas, shall have power,
and is hereby authorized annually to levy
and collect, for general and all lawful
purposes, and for the purpose of paying
the interest on and creating a sinking
fund for all outstanding and future in-
debtedness of the City of Taylor, Texas,
and for the purchase of school grounds,
erecting and equipping school buildings
and the maintenance of the public free
schools of said City of Taylor, Texas,
an ad valorem tax of not to exceed Two
and 20/100 ($2.20) Dollars on each one
hundred dollars of assessed valuation of
all real and personal property within the
City limits of said City of Taylor, Texas,
not exempt from taxation by the Constitu-
tion and laws of this State.

"'Of said total amount of two and
20/100 ($2.20) Dollars tax herein author-
ized to be so annually levied and collected,
One and 20/100 ($1.20) Dollars on the One
Hundred Dollars valuation of said real and
personal property, or so much thereof, as,
from time to time may be necessary, may
be levied and collected, annually for gen-
eral and all lawful purposes, other than
for school purposes as hereinafter provided.

Honorable T. M. Trimble, First Assistant - Page 4

And the Board of Commissioners is hereby authorized to pledge the credit of said City and issue bonds therefor and use so much of said One and 20/100 ($1.20) Dollars of said tax so authorized as it may deem necessary and proper for the payment of the interest on and create a sinking fund to pay off at maturity thereof all outstanding and future indebtedness of said City.

'"Of the said total of Two and 20/100 ($2.20) Dollars tax herein authorized to be so annually levied and collected One Dollar, or so much thereof as may be necessary, shall be used for school purposes only, as follows: For the purpose of purchasing school grounds, erecting and equipping school buildings for said public free schools of said City and for the maintenance of said public free schools, and the said Board of Commissioners is hereby authorized to issue bonds of the said City of Taylor, Texas, and from time to time levy and provide for the collection of such tax, not to exceed fifty cents on the One Hundred Dollar valuation as may be necessary to provide for paying the interest on and create a sinking fund sufficient to pay off at maturity, all outstanding and future indebtedness of the said City of Taylor, Texas, incurred for, or on behalf of said public schools of the said City of Taylor, Texas.

"'The Board of Commissioners is hereby authorized to issue bonds of the said City of Taylor, Texas, for the purchase of school grounds, and erecting and equipping school buildings.

"'The balance of said One Dollar of said tax to be so used for school purpose, not used to pay interest on and create a sinking fund to pay off the outstanding and future bonded indebtedness of said City incurred for school purposes, or so

Honorable T. M. Trimble, First Assistant - Page 5

much thereof, as from time to time, may
be necessary, shall be levied and collected
annually, to provide a fund for the mainte-
nance of said public free schools of said
City.

"No bonds, however, shall be issued
by said Board of Commissioners for any
purpose whatever, without first having
been authorized so to do by a majority
vote of the qualified property tax paying
voters of said City voting at an election
called for that purpose.'

"Prior to the adoption of the above quoted
amendment of Article XII, the school had its own
tax assessor and collector and board of equaliza-
tion but since said amendment was adopted the school
taxes have been levied by the Board of Commissioners
and assessments and collections handled by the City's
tax assessor and collector and board of equalization.

"Basing his opinion principally upon Sections
115 et seq. in the article on Schools, 37 Tex. Jur.,
990, et seq. and authorities there cited, it is the
city attorney's opinion that City of Taylor may
adopt a charter amendment authorizing a school tax
in excess of $1.00 and a tax up to $2.50 for muni-
cipal purposes.

"Will you kindly give me your opinion with
reference to this question at your earliest con-
venience?"

We assume that the City of Taylor has assumed con-
trol of the schools or that such control was placed under the
City by a former charter granted by the Legislature; it is
immaterial either way -- the City of Taylor at this time is
acting in a dual capacity, and has dual powers. It is a muni-
cipal corporation and it is an independent school district.
City of Rockdale v. Cureton, 111 Tex. 136, 229 S. W. 852.

The question of the distinction between a city as
an ordinary municipality and as a separate and independent
school district was considered in the case of the City of
Fort Worth v. Zane-Cetti (Com. App.) 278 S. W. 183. In that

Honorable T. M. Trimble, First Assistant - Page 6

case Zane-Cetti sought to enjoin the collection of a tax of 86¢ on each one hundred dollars of taxable values "for the maintenance and use of the public free schools of the City of Fort Worth for each current year," on the ground that at the election at which the charter amendment authorizing the tax was adopted the voters were not limited to qualified property tax-paying voters as required by Section 3 of Article 7 of the Constitution. It was held by the Court in that case that a tax for school purposes was limited to those voters authorized to vote for school taxes under Section 3, Article 7 of the Constitution. In an election to amend a charter any qualified voter may vote, but only qualified voters who are property tax-payers may vote on the question of authorizing a tax for school purposes.

From the foregoing it will be seen that a city of more than 5,000 population may amend its Charter by a majority vote of the qualified voters of such city to authorize the levy of taxes for municipal purposes not to exceed $2.50 on each one hundred dollars valuation of property, but that it can not amend the Charter to authorize the levy of a school tax unless said amendment shall provide that said school tax shall be submitted to a vote of the property tax payers of the school district. The Constitution does not place any limit on the rate which a city may levy as an independent school district. As far as the Constitution is concerned, the city may levy school taxes at any rate authorized by the qualified property tax-paying voters. Article 7, Section 3 of the Constitution. However, there is a Statutory limitation on all school districts of one dollar on the one hundred dollars valuation of taxable property. Article 2784, Vernon's Annotated Statutes. We call attention to Article 1165, Vernon's Annotated Civil Statutes, wherein is found the following language:

". . . . No charter or any ordinances passed under said charter shall contain any provision inconsistent with the Constitution or general laws of this State; . . . ."

Since the general law contains the above-mentioned limitation of one dollar on the one hundred dollars valuation, we think a charter limitation of one and one-half dollars on the one hundred dollars valuation would be inconsistent with the general law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

(ACTING)

ATTORNEY GENERAL OF TEXAS By

C. F. Gibson
Assistant

APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN